### GEORGE W. SMITH & SON, INC.

v.

### Anthony CIMINI and Albina Lems.

### No. 95–296–Appeal.

Supreme Court of Rhode Island.

March 27, 1997.

Herbert Katz, Pawtucket.

Richard E. Kyte, Jr., Providence, Gerard DeCelles, Smithfield.

### ORDER

This case came before a hearing panel of this court for oral argument March 18, 1997, pursuant to an order that directed all parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

The defendants, Anthony Cimini (Cimini) and Albina Lems (Lems) appeal from a judgment entered in the Superior Court in the sum of $7,632.06 together with statutory interest of $5,571.40. The judgment was based upon an award of interest at the rate of 12%

per annum on an indebtedness of $28,123.91, which had been incurred by the defendants for work performed in the renovation of commercial property owned by Lems in order that her brother, Cimini, could operate a restaurant in the premises which he rented from his sister. After the work was performed, the plaintiff sent an invoice addressed to Terri Bee's Pub (the name of the restaurant where the work had been performed) for $28,123.91. The invoice stated that payment would be due within ten days. Thereafter, Cimini proceeded to make 49 payments commencing January 4, 1984 and ending February 9, 1989. All of these payments were credited to principal and left a balance due on February 2, 1989 of $190.16. During this time no payment had been made for interest on this indebtedness. The trial justice found as a fact that both defendants were liable for this indebtedness and that in the absence of a specific agreement regarding the amount of interest, the plaintiff was entitled pursuant to our holding in *Spencer v. Pierce*, 5 R.I. 63, 71–72 (1857) to interest at the legal rate as provided in G.L. 1956 § 6–26–1. The amount of this interest figured at 12% over this period was calculated as $7,441.90. This amount was added to the principal balance of $190.16 for a total judgment of $7,632.06. To this amount the clerk added interest pursuant to G.L. 1956 § 9–21–10 in the amount of $5,571.40.

We are of the opinion that the trial justice committed no error in determining that the plaintiff was entitled to interest at the legal rate on the principal sum of the indebtedness and further that he committed no error in finding that the right of action accrued on February 9, 1989 (the date of the last voluntary payment) and that the plaintiff was entitled to pre-judgment interest as well. However, *our calculation discloses that the appropriate amount of interest from January 4, 1984, to February 9, 1989, was in the amount of $7,379. When added to the principal amount of $190.16, this would give rise to a total judgment in the sum of $7,569.16. Applying the prejudgment rate of 12% per annum to this figure would result in an additional interest of $5,525.49.*

Other than the arithmetical error, the trial justice was in all other respects correct as to his application of the law and his findings of fact. Consequently, the defendants' appeal is sustained in part, the judgment is modified to the sum of $7,569.16 to which prejudgment interest shall be added by the clerk in the sum of $5,525.49. In all other respects, the Superior Court judgment is affirmed.

BOURCIER, J., did not participate.